

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | | |
|---|---|---|
| Eduard Lorenz, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **1:07cv940 (JCC/TCB)** |
| | ) | |
| Charles E. Davis, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Eduard Lorenz, a Virginia inmate proceeding <u>pro se</u>, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the revocation of his parole. On February 12, 2008, respondent submitted a Motion to Dismiss the petition, memorandum of law in support of that Motion, and the Notice required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975) and Local Civil Rule 7(K). Petitioner was given the opportunity to file responsive materials, and he has filed a response. For the reasons that follow, this petition must be dismissed.

### I. Background

After a jury trial in the Circuit Court for the City of Richmond, Virginia, Lorenz was found guilty of second-degree murder on October 8, 1993. Lorenz was sentenced to twenty years of imprisonment on December 8, 1993. On February 28, 2006, he was released from prison on mandatory parole. On July 6, 2006, Lorenz's parole officer determined that Lorenz was in violation of his supervised probation for failing to report to the parole officer, changing his residence and leaving the state without permission, and absconding from supervision. Accordingly, the Virginia Parole Board issued a warrant for Lorenz's arrest on July 7, 2006. Pursuant to the warrant, Lorenz was arrested on December 6, 2006.

On December 7, 2006, one day after being admitted to the Richmond City Jail, Lorenz was provided with a "Notice of Preliminary Parole/Probation Violation Hearing," which apprised him of the three parole violations with which he was being charged and the date of his hearing for those violations.[1] Also on that day, Lorenz read, completed, and signed this notice, stating that he: (1) did not wish to provide himself with counsel; (2) did not wish to have counsel appointed for him; (3) intended to admit the alleged violations; and (4) did not intend to deny the alleged violations. Fahey Aff., Encl. D. On December 28, 2007, following Lorenz's preliminary hearing on December 27, the hearing officer determined that there was probable cause that Lorenz: (1) failed to report to his parole officer; (2) changed his residence without notifying his parole officer; and (3) absconded from his supervision when he went to New York. In the hearing officer's report, it was also noted that there was a felony charge pending against Lorenz for failing to register as a sex offender, which was scheduled to be heard in the General District Court for the City of Richmond on January 22, 2007.[2]

On January 31, 2007, Lorenz received a "statement of alleged parole violations," which included the three violations for which probable cause was found on December 27, 2006 and a fourth violation for failing to register as a sex offender. According to this statement, Lorenz received a

---

[1] The hearing was originally scheduled for December 20, 2006, but did not take place until December 27, 2006. Neither petitioner nor respondent provide the reason for the change in the hearing date. It is notable, however, that from the time Lorenz was notified of the hearing on December 7, 2006 until the hearing was held on December 27, the charges against him did not change. Additionally, the record before this Court makes clear that during this seven-day period, Lorenz's only request for counsel was contained in one sentence in a letter Lorenz sent to his parole officer.

[2] According to the Virginia Courts Case Information System, on January 22, 2007, with defense counsel present, Lorenz was found guilty of failing to register as a sex offender. Originally, the charge was brought as a felony, but it was reduced to a misdemeanor. For this charge, Lorenz was sentenced to twelve months of incarceration with eleven months suspended. Additionally, he was given three years of unsupervised probation.

sentence for failing to register on January 22, 2007 in the General District Court for the City of Richmond. On February 22, 2007, Lorenz received a "Notice of Parole Violation Hearing," which notified him that he was scheduled to have a hearing before the Virginia Parole Board on March 2, 2007 at the Richmond City Jail. This notice apprised Lorenz of his due process rights, which included notice of his right "[t]o have present an attorney of your choice, or to have one appointed ... at no cost ... subject to approval by the Hearing Officer." Pet. dated May 31, 2007, Exh. H. Lorenz indicated on this form that he wanted an attorney present at the parole violation hearing, that he needed to have an attorney appointed, and that he wished to present witnesses on his behalf. Id. Because the Richmond City Jail was on quarantine on March 2, 2007, Lorenz's parole violation hearing was rescheduled for March 23, 2007. Lorenz was provided with notice of this change on March 16, 2007. According to an affidavit submitted by Helen Fahey, chairperson of the Virginia Parole Board, "Lorenz did not request to have an attorney, any witnesses or to present any evidence" at his March 23 hearing. Fahey Aff. ¶ 14.

On April 10, 2007, following the parole violation hearing, Lorenz was notified that his parole was revoked because he had been found guilty of four separate violations of his parole. On April 18, 2007, Lorenz submitted a request to have his parole revocation reconsidered. This request was denied by Chairperson Fahey on May 30, 2007. Because Lorenz's parole was revoked, he is no longer eligible for mandatory parole and has a good time release date of April 1, 2011. Fahey Aff. ¶ 18; Fahey Aff., Encl. H.

On June 11, 2007, Lorenz filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. Pet. dated May 31, 2007. That petition raised the following claims:

1) The actions of the Virginia Parole Board violated his right to be free from double

3

jeopardy;[3]

2) The Virginia Parole Board violated his right to due process when it changed the
date of two different revocation hearings that were scheduled at the Richmond City
Jail regarding Lorenz's alleged parole violations and did not allow him to call
witnesses on his behalf; and

3) The Virginia Parole Board violated Lorenz's right to counsel when Lorenz was not
represented by counsel at his revocation hearings.

Pet. dated May 31, 2007.  On August 7, 2007, the Supreme Court of Virginia dismissed Lorenz's

state habeas petition as frivolous.  Lorenz v. Chair of the Virginia Parole Board, R. No. 071380 (Va.

Aug. 7, 2007).  Petitioner filed the instant federal petition for a writ of habeas corpus on September

9, 2007 and raises the same three claims he raised in his petition to the Supreme Court of Virginia.[4]

Respondent filed a Motion to Dismiss the petition on February 12, 2008 and Lorenz filed a response.

This matter is ripe for disposition.

## II.  Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a

federal court may not grant the petition based on the claim unless the state court's adjudications are

contrary to, or an unreasonable application of, clearly established federal law, or are based on an

unreasonable determination of the facts.  28 U.S.C. § 2254(d).  The evaluation of whether a state

court decision is "contrary to" or "an unreasonable application of" federal law is based on an

---

[3] According to Lorenz, following his misdemeanor conviction for failing to register as a sex
offender on January 22, 2007, he was released from the Richmond City Jail on January 23, 2007.
He was re-arrested on January 24, 2007 as a result of a detainer lodged against him by the Virginia
Parole Board.  Pet. dated May 31, 2007 at 4.

[4] Respondent concedes that Lorenz raises in the instant federal petition the same claims he raised
in his state habeas petition and has therefore "exhausted his state court remedies."  Resp. Mem. in
Supp. at 1.

4

independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs a foul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Moreover, in evaluating whether a state court's determination of the facts is unreasonable, a federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. §2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

### III. Merits

As an initial matter, Lorenz claims, in his response to the Motion to Dismiss, that the Supreme Court of Virginia did not adjudicate his state habeas petition on its merits. Pet. Resp. at 2. However, as respondent correctly notes, "a dismissal of a state habeas petition as frivolous qualifies as an adjudication on the merits under 28 U.S.C. § 2254(d)." Parker v. Angelone, 959 F.Supp. 319, 323 (E.D. Va. 1997). Accordingly, this Court must determine whether the Supreme Court of Virginia's dismissal was contrary to or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts.

1. Double Jeopardy

In claim 1, Lorenz asserts that he was subject to double jeopardy, in violation of the Constitution, when he was released on January 23, 2007 from confinement following his misdemeanor conviction for failure to register as a sex offender and then re-arrested, pursuant to a detainer lodged against him by the Virginia Parole Board, on January 24, 2007. Pet. at 6(a). Lorenz claims that he was re-arrested for a violation for which he had already served his time. This contention is without merit.

Lorenz does not dispute that he was arrested in New York and transferred to the Richmond City Jail on December 6, 2006 for allegedly violating three conditions of his parole. As respondent notes, the exhibits Lorenz attaches to his petition confirm that his initial arrest  in 2006 was specifically for violating three conditions of his parole: (1) failing to report to his parole officer; (2) changing his residence without notifying his parole officer; and (3) absconding from supervision. Pet. dated May 31, 2007, Exh. A. Following a preliminary hearing on December 27, 2006, a hearing officer determined that there was probable cause to believe that Lorenz had committed all three parole violations and notified Lorenz that his case would be referred to the Virginia Parole Board for further review. Pet. dated May 31, 2007, Exh. B. In the preliminary hearing report, the hearing officer also noted that Lorenz was facing a criminal charge for failure to register as a sex offender that would be heard in the General District Court for the City of Richmond on January 22, 2007. Id.

Lorenz was tried for the charge of failing to register as a sex offender in the Richmond General District Court on January 22, 2007, at which time he was sentenced to twelve months of imprisonment with eleven months suspended. As Lorenz had already been incarcerated for one month, it appears that he believed that he had served his time for all of his parole violations.

6

However, as the record clearly indicates, Lorenz was facing revocation of his parole for the three original violations and his January 22 conviction merely added a fourth violation to the charges for which his parole could be revoked. Fahey Aff., Encl. E. Thus, although Lorenz already served his one-month sentence for failing to register, when he was re-arrested on January 24, 2007, he was still facing revocation of his parole status for four different violations of his conditions of release. Because Lorenz's arrest on January 24, 2007 was made pursuant to a warrant issued by the Virginia Parole Board for the sole purpose of bringing Lorenz before the Parole Board for a revocation hearing, the arrest did not place Lorenz in double jeopardy. Accordingly, the Supreme Court of Virginia's dismissal of this claim was neither contrary to nor an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts. As such, claim 1 must be dismissed.

### 2. Due Process

In claim 2, Lorenz claims that the Virginia Parole Board violated his right to due process when it: (a) changed the date of two different revocation hearings that were scheduled at the Richmond City Jail regarding Lorenz's alleged parole violations and (b) did not allow Lorenz to call witnesses on his behalf at the two hearings.

In Morrisey v. Brewer, 408 U.S. 471 (1972), the Supreme Court outlined the minimum requirements of due process for parole revocations. In that decision, the Court made both preliminary and final revocation hearings mandatory. Id. at 485 - 88. For a preliminary hearing, the Court held that a parolee is entitled to: (1) notice that a hearing will take place; (2) notice of the alleged violations; (3) an opportunity to appear and to present evidence on his behalf; (4) a conditional right to confront adverse witnesses; (5) an independent decision maker; and (6) a written

report of the hearing.  Id. at 486 - 87.  The minimum requirements of due process at the final

revocation hearing include:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of
> evidence against him; (c) opportunity to be heard in person and to present witnesses
> and documentary evidence; (d) the right to confront and cross-examine adverse
> witnesses (unless the hearing officer specifically finds good cause for not allowing
> confrontation); (e) a "neutral and detached" hearing body such as a traditional parole
> board, members of which need not be judicial officers or lawyers; and (f) a written
> statement by the factfinders as to the evidence relied on and reasons for revoking
> parole.

Id. at 489.

Lorenz's due process rights were not violated when the dates of his preliminary and final

hearings were changed.  Morrissey itself held that "[t]he revocation hearing must be tendered within

a reasonable time after the parolee is taken into custody" and that "[a] lapse of two months would not

appear to be unreasonable."  Id. at 488 (emphasis added).  In this case, Lorenz's preliminary hearing

was held less than one month after his arrest on December 27, 2006.  His final hearing was originally

scheduled to be held less than two months after his arrest on March 2, 2007.  Pet. dated May 31, 2007,

Exh. H.  Ultimately, Lorenz's final revocation hearing was held on March 23, 2007 because the

Richmond City Jail was on quarantine on March 2.  Pet. dated May 31, 2007, Exh. I.  When the final

revocation hearing was rescheduled, Lorenz received notice of the new hearing date one full week

before the hearing was to be held.  Id.  Because both of Lorenz's hearings were held within a

reasonable time after he was taken into custody and because he was provided with written notice of

both hearings, Lorenz's due process rights were not violated when the dates of the hearings were

changed slightly.  See Morrissey, 408 U.S. at 488.  Accordingly, the Supreme Court of Virginia's

dismissal of claim 2(a) was neither contrary to nor an unreasonable application of, clearly established

federal law, nor was it based on an unreasonable determination of the facts.

Claim 2(b) focuses on Lorenz's allegation that he was not permitted to call witnesses on his behalf at either his preliminary or final revocation hearing. As noted above, the right to call witnesses at both of these hearings is conditional. Id. at 487, 489. It is uncontested that Lorenz did not make a request to call witnesses to testify on his behalf prior to the preliminary hearing. Pet. dated May 31, 2007, Exh. A; Fahey Aff. ¶ 10. On the day of the preliminary hearing, Lorenz made an oral request to call one witness. Fahey Aff. ¶ 11. Because the witness was not able to be present, the hearing officer allowed Lorenz to present hearsay statements on the witness's behalf. Id. When Lorenz was provided with written notice of his final revocation hearing, it appears that he made a written request to call two different witnesses on his behalf. Pet. dated May 31, 2007, Exh. H; but see Fahey Aff. ¶ 14 (stating that Lorenz made no request to call witnesses).

Under Morrissey, Lorenz's right to due process included the right to present witnesses on his behalf. Morrissey, 408 U.S. at 489. Assuming, without deciding, that Lorenz's due process right was violated when he was not permitted to call the two witnesses at his final revocation hearing, that error was harmless. A court may not grant habeas relief unless the error at issue "had substantial and injurious effect or influence in determining" the proceeding's outcome. Brecht v. Abrahamson, 507 U.S. 619, 623 (1993); Barbe v. McBride, 521 F.3d 443, 453 (4th Cir. 2008) (quoting Brecht). The Brecht standard is grounded in the federal harmless-error statute. Brecht, 507 U.S. at 638. Under Brecht, "habeas petitioners obtain plenary review of constitutional claims, but cannot receive habeas relief based on trial error unless they establish that the error resulted in 'actual prejudice.'" Id. (citing United States v. Lane, 474 U.S. 438, 449 (1986)); see also, e.g., Strickland v. Lee, 471 F.Supp.2d 557, 567 (W.D.N.C. 2007) (applying a harmless-error analysis to a habeas claim).

9

In Lorenz's case, pursuant to a guilty plea, he was found guilty of the commission of a new crime, that of failing to register as a sex offender.  The commission of a new crime by a parolee is sufficient, in and of itself, to justify a revocation of the individual's parole.  <u>Stockton v. Massey</u>, 34 F.2d 96, 97 (4th Cir. 1929).  At no point during the preliminary or final revocation hearings did Lorenz deny the validity of his conviction for failure to register or that such conviction gave rise to a violation of the terms of his parole.  Pet. dated May 31, 2007, Exh. B; Fahey Aff. ¶ 11, 14.  Instead, at both hearings, Lorenz merely tried to explain or justify the various violations and ended up pleading no contest to the violations at his final hearing.  <u>Id.</u>  Nowhere in the instant petition does Lorenz suggest that either witness he wished to call would cast doubt on whether he violated his conditions of parole.  Given these circumstances, the Court is unable to conclude that Lorenz suffered any actual prejudice as a result of his inability to call these witnesses.  Therefore, any error was harmless, and the Supreme Court of Virginia's dismissal of claim 2(b) was neither contrary to, nor based on an unreasonable application of, clearly established federal law, nor based on an unreasonable determination of the facts.  As such, claim 2(b) must be dismissed.

### 3.  Counsel

In claim 3, Lorenz alleges that his right to counsel was violated when he was not provided with counsel for either his preliminary or final revocation hearing.  In <u>Gagnon v. Scarpelli</u>, the Supreme Court held that the Constitution provides no right under the Sixth Amendment to counsel in parole revocation proceedings.  411 U.S. 778, 783 - 90 (1973).  Instead, the Court adopted a case-by-case approach for determining whether counsel is constitutionally required.  <u>Id.</u>  The Court held that counsel should generally be afforded in two situations: (1) where the alleged violation is contested and (2) where the alleged violation is not contested, but the parolee claims that "there are

10

substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present." Id. at 790.

In Lorenz's case, it is uncontested that he made no request to have counsel present at his preliminary hearing. Pet. dated May 31, 2007, Exh. A; Fahey Aff. ¶ 10. Additionally, prior to the preliminary hearing, Lorenz stated that he intended to admit the alleged violations. Pet. dated May 31, 2007, Exh. A. Then, at the preliminary hearing, Lorenz admitted to the three charged violations of failing to report to his probation officer, changing his residence without his parole officer's permission, and absconding from supervision. Id. at Exh. B. Given that Lorenz did not contest the alleged violations of the conditions of parole, he had no right to counsel at the preliminary hearing. As such, Lorenz's rights under the Sixth Amendment were not violated when he was not represented at the preliminary hearing.

As to the final revocation hearing, it appears that Lorenz made a written request to have an attorney appointed to represent him at the hearing. Pet. dated May 31, 2007, Exh. H.; but see Fahey Aff. ¶ 14. But the record in this case makes clear that Lorenz had no constitutional right to be represented by counsel at the final revocation hearing. Gagnon, 411 U.S. at 790. Lorenz admitted to all four of the charged violations of his parole.[5] Although Lorenz attempted to articulate mitigating factors in an attempt to justify these violations, the record makes clear that any justifications for his violations were neither complex nor difficult to develop or present. Accordingly, when the Supreme Court of Virginia dismissed claim 3 as frivolous, that court's decision was neither contrary to nor an unreasonable application of, clearly established federal law, nor was it based on an unreasonable

---

[5] He admitted to the new crime by pleading guilty to the misdemeanor charge for failing to register as a sex offender and he admitted to the three other parole violations at both his preliminary and final revocation hearings.

11

determination of the facts.  As such, claim 3 must also be dismissed.

### IV. Motion to Amend

On June 25, 2008, after respondent filed a Motion to Dismiss and after Lorenz filed his

response to the Motion to Dismiss, Lorenz filed his third[6] Motion to Amend his petition.  In this

Motion to Amend, Lorenz states that he wishes to add a claim to the instant federal petition based on

the Virginia Parole Board's June 10, 2008 decision not to grant him parole.  Lorenz's Motion will be

denied.

Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure provides that any party may amend

its pleading "once as a matter of course [] before being served with a responsive pleading" and Rule

15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing

party's written consent or the court's leave."  Additionally, the Fourth Circuit has held that motions

to amend are committed "to the discretion of the trial court."  Keller v. Prince George's County, 923

F.3d 30, 33 (4th Cir. 1991).  A district court may deny a motion to amend "when the amendment

would be prejudicial to the opposing party, there has been bad faith on the part of the moving party,

or the amendment would be futile."  Johnson v. Oroweat Foods Co., 785 F.2d 503,509 (4th Cir. 1986)

(citing Forman v. Davis, 371 U.S. 178, 182 (1962)).  In the instant Motion to Amend, Lorenz seeks

to add to the petition a claim that arose in June 2008.  Because there is no indication that Lorenz has

exhausted this claim by presenting it to the Supreme Court of Virginia in a petition for a writ of

habeas corpus, his Motion to Amend is futile.  Moreover, Lorenz has provided no evidence to suggest

---

[6] Lorenz filed his first Motion to Amend the pleadings on December 28, 2007 and that Motion, along with other Motions Lorenz had filed, was dismissed by Order dated March 17, 2008.  Then, Lorenz filed a nearly identical Motion to Amend on May 8, 2008, which was denied by Order dated May 21, 2008.

that he has obtained the written consent of respondent to amend the petition.  Therefore, his third Motion to Amend will be denied.

### V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss the instant petition for a writ of habeas corpus must be granted and Lorenz's Motion to Amend must be denied.  The instant petition will be dismissed with prejudice.  An appropriate Order shall issue.

Entered this ___30___ day of _____July_____ 2008.

_____/s/_____
James C. Cacheris
United States District Judge

Alexandria, Virginia